**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

WILSON G. ALVAREZ and other similarly-
situated individuals,

                Plaintiff,

-vs-                                                Case No.  2:07-cv-764-FtM-29SPC

THE BEST OF THE BEST CATERING, CORP.
d/b/a Best of the Best Distributors; MANUEL
ESPINOZA individually,

                Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice (Doc. #28) filed on August 12, 2008.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  In the Joint Motion for Approval submitted by the Parties, (Doc. # 28), the Parties provide that a settlement of a bona fide good faith dispute was negotiated and is deemed fair and reasonable.

The Plaintiff originally claimed that his estimated overtime wages were $13,453.13 plus liquidated damages in an equal amount of $13, 453.13, for a total of $26,906.25. The compromise of the original claim reached between the parties including attorney's fees and costs is to be distributed as outlined below.

The initial payment of $5,000.00 will be paid to the Plaintiff within seven (7) days from the date the Court's Approval Order[1] is entered. Subsequently, $3,333.33 will be paid to the Plaintiff within thirty (30) days of the initial payment date. A second payment of $3,333.33 will be paid to the Plaintiff within sixty (60) days from the initial payment date. A final payment of $3,333.33 will be paid to the Plaintiff within ninety (90) days from the initial payment date. These payments are made payable to the Trust Account for the Saenz Law Firm, P.A. Each party is responsible for its own attorney's fees and costs.

Counsel indicates that the Plaintiff entered into a contingency fee agreement. Pursuant to said agreement, Counsel will be paid 40% of all amounts recovered, plus any costs. See Doc. #29. Under the Florida Bar Rules of Professional Conduct, a contingency fee of forty percent (40%) is reasonable if an answer has been filed or if one of the parties has demanded appointment of an arbitrator. Fla. Bar R. 4-1.5(4)(B)(i)(b)(1). Based upon the settlement amount of $15,000.00, Counsel is entitled to receive $6,000.00 in compensation. Counsel also states that $430.00 in costs were incurred. However, Counsel has agreed to waive the costs.

---

[1]This Report and Recommendation is subject to review and approval or rejection from the District Court. The decision of the District Court is the authority by which the parties should be governed.

Because the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice (Doc. #28) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully Recommended at Fort Myers, Florida, this ___9th___ day of September, 2008.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record